MANDATE

17-3571-cv
Zam & Zam Super Market, LLC v. Ignite Payments, LLC

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of June, two thousand eighteen.

PRESENT:   ROBERT D. SACK,
           REENA RAGGI,
                     *Circuit Judges*,
           LEWIS A. KAPLAN,
                     *District Judge.*[*]

---

ZAM & ZAM SUPER MARKET, LLC, individually and on behalf of all others similarly situated,
                     *Plaintiff-Appellant*,

v.                                                No. 17-3571-cv

IGNITE PAYMENTS, LLC, FIRST DATA MERCHANT SERVICES CORPORATION, FIRST DATA MERCHANT SERVICES, LLC,
                     *Defendants-Appellees*.

---

APPEARING FOR APPELLANT:    ROGER N. HELLER, Lieff Cabraser Heimann & Bernstein, LLP, San Francisco, California (David S. Stellings, Avery S. Halfon, Lieff

---

[*] Judge Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

MANDATE ISSUED ON 06/25/2018

                                                                                   Cabraser Heimann & Bernstein, LLP, New York, New York; E. Adam Webb, Webb, Klase & Lemond, LLC, Atlanta, Georgia, *on the brief*).

APPEARING FOR APPELLEES:     JONATHAN D. POLKES (Paul Dutka, *on the brief*), Weil, Gotshal & Manges LLP, New York, New York.

    Appeal from a judgment of the United States District Court for the Eastern District of New York (Sandra J. Feuerstein, *Judge*).

    UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on October 31, 2017, is AFFIRMED.

    Plaintiff Zam & Zam Super Market, LLC ("Zam & Zam") appeals from the dismissal of its putative class-action amended complaint against defendants Ignite Payments, LLC, First Data Merchant Services Corporation, and First Data Merchant Services, LLC, asserting breach of the parties' Merchant Processing Application and Agreement (the "Merchant Agreement") and its incorporated Program Terms and Conditions (the "Program Guide" and, together, the "Agreement"). Zam & Zam alleges that defendants, with whom it contracted to process customers' credit and debit card payments, charged it an unauthorized $19.95 monthly fee over a twenty-month period for a package of data protection services that Zam & Zam expressly declined when first entering the Agreement. Plaintiff here challenges the district court's dismissal of its claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and

unconscionability, as well as the district court's denial of leave to amend.[1] We review *de novo* the dismissal of a complaint, accepting the alleged facts as true and drawing all reasonable inferences in plaintiff's favor, *see Barrows v. Burwell*, 777 F.3d 106, 111–12 (2d Cir. 2015), and we generally review denial of leave to amend for abuse of discretion, except where such denial is premised on futility or other questions of law, in which case our review is *de novo*, *see Thea v. Kleinhandler*, 807 F.3d 492, 496 (2d Cir. 2015). In applying those standards here, we assume the parties' familiarity with the facts and procedural history of this case, which we reference only as necessary to explain our decision to affirm.

1. <u>Breach of Contract and Unconscionability</u>

Under New York law, which the parties agree governs the Agreement, the elements of a breach of contract claim are (1) the existence of a contract, (2) performance by the party seeking recovery, (3) breach by the other party, and (4) damages suffered as a result of the breach. *See Johnson v. Nextel Commc'ns, Inc.*, 660 F.3d 131, 142 (2d Cir. 2011). A district court may dismiss a breach of contract claim at the motion to dismiss stage "only if the terms of the contract are unambiguous." *Orchard Hill Master Fund Ltd. v. SBA Commc'ns Corp.*, 830 F.3d 152, 156 (2d Cir. 2016). "Whether or not a writing is ambiguous is a question of law to be resolved by the courts." *Id.* (internal quotation marks omitted).

---

[1] Because Zam & Zam fails to address the district court's dismissal of its claims for unjust enrichment and declaratory relief, we deem any challenge to that portion of the dismissal order forfeited. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995).

In dismissing the breach of contract claim, the district court concluded *inter alia* that plaintiff's failure to comply with the Agreement's notice-of-claim provision, set forth in § 19.11 of the Program Guide, bars recovery for any breach of the Agreement. Zam & Zam challenges this ruling on several grounds.

First, Zam & Zam argues that the amended complaint's general statement pleading "perform[ance] [of] all conditions . . . required to be performed" under the Agreement, Pl. App'x 38 ¶ 109, adequately alleges compliance with § 19.11. While Fed. R. Civ. P. 9(c) permits a party to "allege generally" the performance of all conditions precedent, we have not interpreted Rule 9(c) since the Supreme Court's adoption of the plausibility pleading standard, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), which has been applied to require specificity with respect to other provisions of Rule 9, *see Biro v. Condé Nast*, 807 F.3d 541, 544–45 (2d Cir. 2015) (requiring compliance with Rule 8's plausibility standard when pleading intent under Rule 9(b), notwithstanding that provision's "allege[] generally" language); *see also Dervan v. Gordian Grp. LLC*, 16 Civ. 1694 (AJN), 2017 WL 819494, at *4–6 (S.D.N.Y. Feb. 28, 2017) (requiring allegations of performing condition precedent under Rule 9(c) to satisfy plausibility standard). We need not resolve that issue here because Zam & Zam raises this argument for the first time on appeal and, thus, forfeits it. *See In re Nortel Networks Corp. Secs. Litig.*, 539 F.3d 129, 132 (2d Cir. 2008) ("[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." (alteration in original) (internal quotation marks omitted)).

Second, Zam & Zam argues that it was under no § 19.11 obligation here. Section 19.11 states that a merchant must review its monthly statement "reflecting Card transaction

4

activity, including[] activity in [the] Settlement Account" and notify defendants of any disputed charges "within sixty . . . days" of their appearance on the statement. Pl. App'x 76. The provision further states that if a merchant fails to provide such timely notice, defendants "shall have no obligation to investigate or effect any adjustments" to the disputed charges. *Id.* Zam & Zam argues that § 19.11's notice requirement applies only to that portion of a monthly statement reflecting *transaction* activity from customers' cards and does not encompass *service fees* charged by defendants. The plain language of the Agreement defeats this argument because it elsewhere defines "Settlement Account" as the account designated by a merchant "to be debited and credited by [defendants] . . . for Card transactions, *fees*, Chargebacks, *and other amounts due under the Agreement or in connection with the Agreement*." *Id.* at 92 (emphasis added). Thus, when read in conjunction with that definition, § 19.11's notice requirement applies to the service charges disputed here, which appear as debits in a merchant's monthly statement.

Third, Zam & Zam maintains nonetheless that a failure of § 19.11 notice does not bar recovery on its breach of contract claim, because the provision is too ambiguous to constitute a condition precedent to defendants' liability and, alternatively, the provision is unconscionable. Zam & Zam failed to raise its condition precedent argument below and, therefore, forfeits that argument on appeal. *See In re Nortel Networks Corp. Secs. Litig.*, 539 F.3d at 132. In any event, the notice-of-claim provision uses unmistakeable language of condition—explaining that *if* a merchant fails to dispute a charge within sixty days, then defendants shall have no legal obligations concerning the adjustment of those charges—so as to preclude liability for charges disputed outside of the sixty-day period. *See Israel v.*

5

*Chabra*, 537 F.3d 86, 93 (2d Cir. 2008) (explaining that law "has come to recognize and enforce the use of linguistic conventions to create conditions precedent"); *see also Bank of N.Y. Mellon Tr. Co. v. Morgan Stanley Mortg. Capital, Inc.*, 821 F.3d 297, 305 (2d Cir. 2016) (observing use of term "if" constitutes "linguistic convention of condition").

Zam & Zam's claim of unconscionability, pled as a standalone cause of action but intended to support its breach of contract claim, also fails. The district court dismissed the claim on the ground that unconscionability cannot support an affirmative claim for damages. *See Fortune Limousine Serv., Inc. v. Nextel Commc'ns*, 35 A.D.3d 350, 354, 826 N.Y.S.2d 392, 396 (2d Dep't 2006) ("[T]he doctrine of unconscionability is to be used as a shield, not a sword, and may not be used as a basis for affirmative recovery." (internal quotation marks omitted)). Zam & Zam, however, urges a different use here: to procure a declaration that § 19.11 is unenforceable, which in turn would allow its breach of contract claim to proceed based on alleged violations of other Agreement provisions. New York law permits such use of an unconscionability claim. *See Lonner v. Simon Prop. Grp., Inc.*, 57 A.D.3d 100, 108, 866 N.Y.S.2d 239, 245 (2d Dep't 2008) (allowing unconscionability claim to be used to invalidate contractual provision because if provision declared unenforceable, "then the breach of contract cause of action arises not from the unconscionability of that provision, but from the defendant's failure to [fulfill other contractual obligations]").

Even accepting such use, however, Zam & Zam fails to plead facts sufficient to state a plausible claim for declaratory relief as to § 19.11's unconscionability. A contractual provision will be deemed unenforceable on unconscionability grounds only where it is

6

"both procedurally and substantively unconscionable," *NML Capital v. Republic of Argentina*, 621 F.3d 230, 237 (2d Cir. 2010) (internal quotation marks omitted), meaning that the provision is "so grossly unreasonable" in light of the mores and business practices of the time and place as to be unenforceable according to its literal terms, *Ragone v. Atl. Video at Manhattan Ctr.*, 595 F.3d 115, 121–22 (2d Cir. 2010). The procedural element of unconscionability concerns the contract formation process and the alleged lack of meaningful choice, while the substantive element "looks to the content of the contract, per se." *Id.* (internal quotation marks and alterations omitted). The amended complaint pleads procedural unconscionability only generally and conclusorily, alleging that defendants offered a contract on a "take-it-or-leave-it basis" and provided fifty pages of terms and conditions. Pl. App'x 10 ¶ 24; *see Ashcroft v. Iqbal*, 556 U.S. at 678. It makes no mention of § 19.11.

Even assuming, however, that such allegations suffice plausibly to allege procedural unconscionability, they are insufficient plausibly to allege the substantive unconscionability of a provision like § 19.11. That provision requires a business entity to review its monthly account statement and to dispute in writing any charges—of which it therefore had notice—within sixty days in order to preserve those charges for litigation. Nowhere in the complaint does Zam & Zam plead how these review and notice requirements are "grossly unreasonable." *Ragone v. Atl. Video at Manhattan Ctr.*, 595 F.3d at 121. In any event, "unconscionability is a matter of law for the court to decide," *David v. #1 Mktg. Serv., Inc.*, 113 A.D.3d 810, 812–13, 979 N.Y.S.2d 375, 379 (2d Dep't 2014), and we conclude as a matter of law that it is not grossly unreasonable to expect a

merchant to review its bill and provide written notice of any disputed charges within sixty days, *see Bruh v. Bessemer Venture Partners III, L.P.*, 464 F.3d 202, 205 (2d Cir. 2006) (explaining appellate court may affirm district court on any basis for which there is sufficient support in record).[2]

In sum, because § 19.11 is enforceable and because Zam & Zam failed to plead compliance with the provision's sixty-day written notice requirement, it is barred from pursuing its contract claim for unnoticed breaches. Accordingly, we also affirm dismissal of the breach of contract claim.

2.  Implied Covenant of Good Faith and Fair Dealing

The district court dismissed as "duplicative" Zam & Zam's claim for breach of the implied covenant of good faith and fair dealing. Pl. App'x 284. Under New York law, parties to an express contract are bound by an implied duty of good faith, "but breach of that duty is merely a breach of the underlying contract." *Harris v. Provident Life & Acc. Ins. Co.*, 310 F.3d 73, 80 (2d Cir. 2000); *accord L–7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 434 n.17 (2d Cir. 2011). A cause of action to recover damages for breach of the implied covenant therefore "cannot be maintained" where "the alleged breach is intrinsically tied to the damages allegedly resulting from a breach of the contract." *Deer Park Enters., LLC v. Ail Sys., Inc.*, 57 A.D.3d 711, 712, 870 N.Y.S.2d 89, 90 (2d Dep't

---

[2] Insofar as Zam & Zam urges unconscionability as to § 19.5 of the Agreement, that aspect of its claim cannot escape dismissal because § 19.11, when enforceable, disposes of the breach of contract claim entirely and unconscionability does not provide a standalone basis for relief under the now-terminated contract. *See Fortune Limousine Serv., Inc. v. Nextel Commc'ns*, 35 A.D.3d at 354, 826 N.Y.S.2d at 396.

8

2008); *accord Deutsche Bank Nat. Tr. Co. v. Quicken Loans Inc.*, 810 F.3d 861, 869 (2d Cir. 2015) (explaining claims for breach of contract and breach of implied covenant "are duplicative when both arise from the same facts and seek the identical damages for each alleged breach" (internal quotation marks omitted)). Plaintiff's claim for breach of the implied covenant seeks redress for the same conduct and resulting injury as the breach of contract claim—namely, the recovery of damages incurred as a result of defendants' charging unwanted fees for data protection services.[3] The district court therefore properly dismissed plaintiff's breach of implied covenant claim as duplicative.

3. <u>Leave To Amend</u>

Finally, the district court denied leave to amend on the ground that Zam & Zam failed to identify how it would cure deficiencies in the amended complaint and, moreover, that amendment would be futile. *See TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505–06 (2d Cir. 2014). In urging error, Zam & Zam argues primarily that, if provided the opportunity, it could plead compliance with § 19.11 because it terminated the Agreement in August 2016 and at the same time provided defendants with written notice disputing certain charges "from July 2016." Appellant Br. at 59. Amending the pleadings to include these facts, however, would be futile because Zam & Zam's written notice was effective only as to fees charged in the preceding sixty days and, at the time of termination, defendants refunded Zam & Zam $481.61, representing the return of service fees paid from

---

[3] Although the amended complaint also demands injunctive relief to prevent further contractual breaches, this warrants no different result because plaintiff already has terminated the Agreement.

9

January 2016 through August 2016.  Zam & Zam therefore cannot plead damages—an essential element of a breach of contract claim, *see Johnson v. Nextel Commc'ns, Inc.*, 660 F.3d at 142—for the time period not otherwise barred by § 19.11.  As to the remaining claims, Zam & Zam fails to specify how amendment would cure the deficiencies identified in the amended complaint.  Accordingly, we identify no error in the district court's denial of leave to amend.  *See TechnoMarine SA v. Giftports, Inc.*, 758 F.3d at 506.

We have considered plaintiff's remaining arguments and conclude that they are without merit.  Accordingly, for the reasons stated, the judgment of the district court is AFFIRMED.

                    FOR THE COURT:
                    Catherine O'Hagan Wolfe, Clerk of Court

10

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit